# JOHN FREDRICKSON v. IRON RANGE BREWING ASSOCIATION.[1]

### June 11, 1909.

### Nos. 16,122—(121).

**Review of Municipal Court Decision.**

In an action commenced in the municipal court of Duluth to recover damages for the conversion of certain hay, the jury returned a verdict in favor of the plaintiff. The court granted a motion of judgment for the defendant notwithstanding the verdict. On appeal to the district court, this order was reversed and the case remanded, with directions to entertain a motion for a new trial. From that order an appeal was taken to this court. *Held*, that the district court properly disposed of the case, and its order is affirmed.

Action in the municipal court of Duluth to recover treble damages for alleged conversion of certain hay. The jury returned a verdict in favor of plaintiff for $120, and the court, Windom, J., granted a mo-

[1] Reported in 121 N. W. 632.

tion for judgment notwithstanding the verdict. From the judgment in favor of defendant, plaintiff appealed to the district court for St. Louis county, where the judgment of the municipal court was reversed, with leave to that court to order a new trial. From the order of reversal, Ensign, Cant and Dibell, JJ., plaintiff appealed. Affirmed.

*W. G. Bonham,* for appellant.

*I. Grettum,* for respondent.

ELLIOTT, J.

This action was commenced in the municipal court of Duluth for the purpose of recovering treble damages for the conversion of certain hay. In the municipal court a verdict was returned in favor of the plaintiff for $120. The defendant moved for judgment notwithstanding the verdict or for a new trial, and the court granted the motion for judgment notwithstanding the verdict. The plaintiff then appealed to the district court, where the order of the municipal court was reversed, and the case remanded to the municipal court, with leave to that court to entertain the motion for a new trial. In disposing of the case the district court said:

"Upon the evidence in this case as it appears in the record the verdict cannot stand; but the plaintiff is the real party in interest as respects the hay in question, who should be permitted to recover unless the necessary evidence cannot be adduced, or some positive rule of law prevents such recovery. If it seems probable that the deficiencies in the evidence may be supplied on another trial, plaintiff should not be denied the privilege of making an attempt so to do. It seems to us that such deficiencies may be supplied, and that ordering judgment against the plaintiff may work an injustice. Our view is that the case was one for a new trial. On such new trial, if had, the question of plaintiff's right originally to cut the hay, through license or otherwise, and a question of a subsequent ratification by the witness Silk of the acts of Nelson, wherein the latter assumed to represent Silk, as well as other matters, may be further developed. They are not left in a satisfactory condition on the record before us. On the other hand, defendant may be able to show that it had a right to remove the hay as

it did. Although the general rule is that a trespasser, who wrongfully cuts the hay on the land of another and does not reduce the same to his actual possession, cannot recover against a third person who wrongfully converts such hay to his own use, it is still entirely possible on another trial to show a right of recovery in this plaintiff. It should be said that the verdict rendered was, on the evidence, much too large."

In view of the amount involved and the nature of the order made, we can discover no reason why this case should have been appealed to this court.

The order of the district court is affirmed.